IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MYRON WADE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:15cv109-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Myron Wade Williams ("Plaintiff") filed applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*, on February 2, 2012. His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of June 1, 2010, through the date of the decision. Plaintiff appealed to the Appeals Council, which rejected his request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No.

129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?

---

103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four.  At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC").  *Id*. at 1238-39.  The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence.  *Id*.  It may contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical

---

[3]   *McDaniel* is a supplemental security income (SSI) case.  The same sequence applies to disability insurance benefits.  Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases.  *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Vocational Guidelines[4] ("grids") or call a vocational expert ("VE").  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied

---

4   *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-eight years old on the alleged disability onset date, and had completed the ninth grade.  Tr. 22, 31-32.  Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date[.]"  Tr. 13.  At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "Mild Degenerative Joint Disease of the Left Knee, and Hypertension."  Tr. 13.  At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]"  Tr. 14.  Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b).  He can sit for a total of six hours, and can sit for two hour[s] without interruption.  He can stand and walk in combination for a total of six hours, and he can stand and walk in combination for one to two hour[s] without interruption.  He can frequently lift and carry ten pounds, and occasionally lift and carry twenty pounds.  He can perform simple grasping and fine manipulation, bilaterally.  He can occasionally use his left foot for the operation of foot controls.  He can occasionally bend, stoop, crawl, crouch, kneel, and balance.  He can occasionally climb.  He is restricted from ladders, ropes and scaffolds.  He is restricted from activities involving unprotected heights.  He is restricted from being around moving and hazardous machinery, or driving commercial motorized vehicles.  He has mild to moderate pain that occasionally interferes with concentration, persistence and pace, and which (pain) limits him to simple, unskilled, repetitive, routine work, in jobs that require little independent judgment, and in jobs that require only routine changes, no multiple or rapid changes.

Tr. 14-15.  Having consulted with a VE at the hearing, the ALJ concluded at Step Four that Plaintiff is "unable to perform any past relevant work[.]"  Tr. 22.  Finally, at Step Five, and based upon the testimony of the VE, the ALJ determined that "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform."  Tr. 29.  The ALJ identified several representative occupations, including "Production Assembler," "Electronic Assembler," and "Packer."  Tr. 23.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from June 1, 2010, through the date of this decision[.]"  Tr. 23-24.

## IV.  PLAINTIFF'S CLAIM

Plaintiff presents one issue for the court to consider in its review of the Commissioner's decision, arguing that the Commissioner's decision should be reversed because the ALJ "did not have sufficient medical evidence to make an informed decision regarding mental impairments" and, therefore, "should have requested a consultative medical examination to adequately develop the record and to provide a mental examination report and assessment for consideration in conjunction with the whole of the medical evidence of record."  Pl.'s Br. (Doc. 14) at 4, 5.

## V.  DISCUSSION

The ALJ determined that Plaintiff's depression and anxiety "are not medically determinable impairments."  Tr. 19.  Although Plaintiff faults the ALJ for failing to obtain a consultative examination concerning Plaintiff's purported mental impairments

prior to making this determination, it is noteworthy that Plaintiff did not allege any disability based upon any mental impairment[5] and did not mention any mental impairment at his hearing before the ALJ.[6] The only reference in the record to Plaintiff's alleged depression or anxiety appears to be Plaintiff's self-reporting of a prior diagnosis of "anxiety and depression" included in the Disability Determination Explanation rendered during the initial agency review of his claim for disability insurance benefits. *See* Tr. 53. However, that same report further indicates that Plaintiff "clarified that he is not seeking any treatment for a mental condition at this time. He has not taken any psyche meds since 2004/2005 and has no driver's license due to DUI. Although he alleges [special education] classes he has worked full time for several years with a moving company." Tr. 53. Moreover, the report noted that Plaintiff "appears to be functional [without] meds per [his own description of his activities of daily living], as well as, the ability to carry on a full-time job for several years." Tr. 53.

Despite Plaintiff's allusion to a prior diagnosis of, and treatment for, anxiety and depression, there are no medical records establishing such a diagnosis or treatment. Indeed, the ALJ noted the scant medical evidence available in the record. Tr. 11 ("There are only four medical exhibits."). To the extent there is medical evidence in the record probative of any claim that Plaintiff suffers from any mental impairments, such evidence

---

[5] *See, e.g.,* Tr. 51, 60 (listing "Residuals from broken left knee," "Stomach problems," and "Problems w/left wrist" as Plaintiff's allegations of impairments in his initial claim for disability).

[6] When asked by the ALJ why he believes he is disabled, Plaintiff testified only about problems

militates against any finding that Plaintiff's alleged mental impairments are severe, much less actually disabling.  For example, on October 3, 2012, Plaintiff was seen for a follow-up evaluation and prescription refill at his medical provider, Health Services, Inc.  Plaintiff was "Negative for anxiety, depression and insomnia," and exhibited normal insight, judgment, and appropriate mood and affect.  Tr. 227-228.  Likewise, on June 7, 2013, Plaintiff was seen for an office visit at Health Services and he again exhibited normal insight, judgment, and appropriate mood and affect.  Tr. 239.

Given that (1) Plaintiff was not alleging any functional limitations due to his depression or anxiety, (2) the only reference to any diagnosis or treatment for mental impairments was not corroborated with medical records and, in any event, indicates that such diagnosis and treatment occurred years before the alleged disability onset date, and (3) the only available medical records—including records from within the year prior to the hearing before the ALJ—indicated that Plaintiff was not suffering from any severe mental impairment, the ALJ was amply justified in concluding that Plaintiff's depression and anxiety were not "medically determinable impairments."  Tr. 19.  Nor was the ALJ required, as Plaintiff argues, to obtain a consultative examination in order to make that determination.  *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) ("Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits.  The administrative law judge has a duty to develop the record where appropriate but is not required to order

---

with his left knee, high blood pressure, and psoriasis.  *See* Tr. 33.

a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision."); *id.* (finding that the ALJ did not err in failing to further develop the record, by ordering a consultative examination, concerning the claimant's mental capacity where sufficient information was before the ALJ and the claimant neglected her "obligation to raise an issue as to her mental capacity at her hearing"). *See also Vesy v. Astrue*, 353 F. App'x 219, 224-25 (11th Cir. 2009) (finding that the ALJ did not fail to develop a "full and fair record" where, "[a]lthough there was some evidence that Vesy suffered from side effects caused by her medications, she did not allege that those side effects contributed to her disability and notably, was represented by counsel. As a result, the ALJ did not have a special duty to make a further inquiry into the effects of Vesy's medications").

The Commissioner's decision finding Plaintiff not disabled is supported by substantial evidence in the record and Plaintiff's lone claim of error is without merit. Accordingly, the Commissioner's decision is due to be affirmed.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 19th day of February, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE